

FILED
JUL 2 5 2011
DAVID CREWS, CLERK
BY _____ Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**NEXIDEA HEALTH PRODUCTS, LTD.**                     **PLAINTIFF**

**VS.**                     **CIVIL ACTION NO. 3:11CV099-B-A**

**MED-LIFT & MOBILITY, INC.**                           **DEFENDANT**

**COMPLAINT**
**(Jury Trial Requested)**

COMES NOW, NexIdea Health Products, Ltd., Plaintiff, and files its Complaint against Med-Lift & Mobility, Inc., Defendant, and in support thereof states the following:

**PARTIES**

1. NexIdea Health Products, Ltd, ("NexIdea") is a corporation organized and existing under the laws of Ontario, Canada, whose principal place of business is 355 Champagne Drive, Toronto, Ontario, M3J 2C6.

2. Med-Lift & Mobility, Inc., ("Med-Lift"), is a Mississippi corporation whose principal office address is 310 South Madison, Calhoun City, Mississippi 38916 and whose agent is A.D. Blount, Highway 8 East, Calhoun City, Mississippi 38916 where he, as agent of Med-Lift, may be served with process of this Court.

**JURISDICTION**

3. The Plaintiff is a corporation organized and existing under the laws of the province of Ontario in Canada, whose principal place of business is 355 Champagne Drive, Toronto, Ontario, M3J 2C6. The Defendant is a corporation created under the laws of the State

of Mississippi, with its principal place of business in the State of Mississippi, the parties are therefore diverse. The amount in controversy, without interest and costs exceeds the sum or value specified by 28 USC §1332. Therefore this Court has jurisdiction of the parties and subject matter.

## VENUE

4.    Venue is appropriate.

## FACTS

5.    Plaintiff NexIdea, is a Canadian distributor for healthcare products, including lift chairs.

6.    Defendant Med-Lift, is a manufacturer of lift chairs.

7.    Pursuant to an agreement between the parties, Defendant Med-Lift agreed to sell and Plaintiff NexIdea agreed to buy lift chairs manufactured by Med-Lift, which were re-branded as NexIdea Lift Chairs and then marketed and sold by NexIdea. Pursuant to the agreement between the parties, Defendant Med-Lift warranted to Plaintiff NexIdea that the lift chairs it purchased from Defendant Med-Lift, would be manufactured to the high standards of materials and workmanship and would be free of defects and fit for the purpose for which they were intended.

8.    In 2008, NexIdea began purchasing lift chairs pursuant to its agreement with Med-Lift and began marketing and selling the Med-Lift lift chairs to its customers, who are mainly resellers and retailers, in Canada.

9.    In the Fall of 2008, NexIdea began receiving complaints from its customers and their purchasers of significant defects in the Med-Lift lift chairs.

10. As a direct and proximate result of the defects in the Med-Lift lift chairs: numerous purchasers of the Med-Lift lift chairs returned their Med-Lift lift chairs to NexIdea's dealers; NexIdea refunded the purchase price or has been requested to refund the purchase price or has replaced the defective Med-Lift lift chairs; numerous orders to NexIdea for lift chairs have been cancelled; NexIdea's business reputation has been damaged as many of NexIdea's dealers no longer wish to deal with NexIdea; future orders for other lift chairs sold by NexIdea had decreased; and NexIdea cannot sell its remaining inventory of the Med-Lift lift chairs. Moreover, it is reasonable to expect that there are numerous Med-Lift lift chairs sold by its customers that will be returned to NexIdea's customers and that NexIdea will be required to accept the return of the chairs from its customers, refund the purchase price for the chairs and absorb all freight and storage costs for the chairs. Finally, as a direct and proximate result of the damage to NexIdea's business reputation due to the defects and failures of the lift chairs marketed under its name, NexIdea has suffered an over-all decrease in its business revenues and profits.

## COUNT I

## BREACH OF CONTRACT

11. Defendant Med-Lift promised to Plaintiff NexIdea that its lift chairs would be of good quality, free of defects and manufactured to the highest standards of materials and workmanship; however, the lift chairs NexIdea purchased from Med-Lift had defects which caused the lift chairs to fail within a short time after the purchasers of the lift chairs began using them. Therefore, Defendant Med-Lift breached its contract with Plaintiff NexIdea and as a direct

proximate result of such breach, Plaintiff NexIdea has suffered and will continue to suffer damages.

## COUNT II

## BREACH OF WARRANTY

12. Defendant Med-Lift warranted that the lift chairs Plaintiff NexIdea purchased from the Defendant were of good quality and free of defects when, in fact, the lift chairs were of poor quality due to defects and failed shortly after the purchasers began using them. Therefore, Defendant Med-Lift breached its warranty and, as a direct proximate result, Plaintiff NexIdea has suffered and will continue to suffer damages.

## COUNT III

## BREACH OF WARRANTY OF FITNESS FOR PURPOSE

13. The lift chairs Plaintiff NexIdea purchased from Defendant Med-Lift were defective and failed shortly after purchasers began using them. Therefore, Defendant Med-Lift breached its warranty of fitness for intended purpose by selling Plaintiff NexIdea defective lift chairs which were not fit for their intended purpose. As a direct proximate result of such breach, Plaintiff NexIdea has suffered and will suffer damages.

## COUNT IV

## NEGLIGENCE

14. Defendant Med-Lift was negligent in the manner in which it designed and manufactured the lift chairs purchased by Plaintiff NexIdea and as a result, the chairs were defective and failed soon after the purchasers began using them. As a direct proximate result of Defendant Med-Lift's negligence, Plaintiff NexIdea has suffered and will suffer damages.

## COUNT V

## DAMAGES

15. As a direct proximate result of Defendant Med-Lift's breach of contract, breach of warranty, breach of warranty of fitness for purpose and negligence, Plaintiff NexIdea has suffered damages, including, but not limited to, the following: costs of purchase of defective lift chairs, shipment costs, storage costs, costs associated with acquiring alternative lift-chairs to be used as replacements, loss of business and profits, loss of and damage to business reputation, storage and handling costs, administrative costs, attorney fees and costs, and punitive damages.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff NexIdea demands a judgment for all damages to which it is entitled, including the above listed damages, plus punitive damages, attorney's fees, court costs and interest.

Respectfully submitted,

**NEXIDEA HEALTH PRODUCTS, LTD.,**
**Plaintiff**

Dated: July 20, 2011

By: _____
Of Counsel

**Norman Gene Hortman, Jr., (MSB# 2664)**
**Brett W. Robinson, (MSB# 10006)**
**HORTMAN HARLOW BASSI ROBINSON**
**& McDANIEL, PLLC**
Post Office Drawer 1409
Laurel, MS 39441-1409
Telephone: (601) 649-8611
Facsimile: (601) 649-6062

**Attorneys for Plaintiff**